

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,001-02

**Ex Parte JEFFREY DWAYNE BLANKENSHIP, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 4839-C IN THE 271st DISTRICT COURT
### FROM JACK COUNTY

**KELLER, P.J., filed a dissenting opinion in which Keel, J., joined.**

### DISSENTING OPINION

The Court says that the trial court had no authority to set aside Applicant's conviction while his case was on appeal. I agree that if the case had still been in the appellate court, the trial court would have erred to act as it did. But here, on motion of the parties, the court of appeals had at least purported to abate the appeal and remand the case to the trial court to consider a new proposed plea bargain that imposed the same fifty-five year sentence but conferred other benefits on Applicant. If the court of appeals had authority to remand the case for that purpose, then jurisdiction was returned to the trial court, and the trial did not err.

There may be some question, though, about whether the court of appeals had the authority to remand for that purpose. After all, doing so effectively circumvented the deadline for a motion for new trial. But there was no petition for discretionary review, so the parties have forfeited any right to complain about the remand which they both sought. The only remaining question is whether what the court of appeals did is non-forfeitable error.

Applicant makes various claims in this writ application, but the record does not support his claims, and the habeas court recommends that we deny relief. Given the equities, including the lack of merit to his claims and the agreement by all involved with the process employed here, I would deny relief. But if the Court wants to consider granting relief that no one has asked it to do, we should first obtain briefing from the parties on whether the trial court's action in setting aside the original conviction was in fact void.

I respectfully dissent.


Filed: March 29, 2023

Do Not Publish